■ In the Matter of ADRIAN E. CLARK, JR., Appellant, v EASTERN TENNIS UMPIRES ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Directors of the respondent Eastern Tennis Umpires Association which suspended the petitioner's membership for a period of one year beginning December 13, 1983, the petitioner appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), dated September 11, 1984, which dismissed the petition.

Judgment affirmed, with costs.

The scope of review in the instant proceeding is limited to whether the respondent, a not-for-profit corporation, conducted a disciplinary hearing in accord with its own constitution *(see, Matter of Carr v St. John's Univ.,* 17 AD2d 632, *affd* 12 NY2d 802; *Matter of Grace v Grace Inst.,* 19 NY2d 307; *Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685; *Matter of Caso v New York State Public High School Athletic Assn.,* 78 AD2d 41). We find that Special Term correctly determined that the petitioner was afforded procedural due process, to wit, he was furnished with a statement of the charges pending, and an opportunity to confront the individuals making those charges. Lastly, we construe the constitution of the association to require a vote of two thirds of the total number of directors to suspend a member, but not to require that all the directors be present. Therefore, there was compliance with the association's constitution. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.